UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARY N. BROWN

VERSUS

STATE OF LOUISIANA, THOURGH LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS, ET AL.

CIVIL ACTION

NO. 10-76-JJB

## **RULING**

This matter is before the Court on a motion (doc. 21) for summary judgment filed by defendants. Plaintiff has filed an opposition (doc. 25), to which defendants have filed a reply (doc. 26). Plaintiff has filed a response to defendants' reply brief (doc. 29). Oral argument is not necessary.

Plaintiff's lawsuit in this matter alleges that the termination of plaintiff's employment violated the due process clause of the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. §1983, and Article 1, Section 2 of the Louisiana Constitution because she was not afforded a pre-termination or post-termination hearing. Defendants' present motion for summary judgment seeks dismissal of plaintff's suit in its entirety.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, the movant need only

demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

Defendants contend that plaintiff was a probationary employee and, as such, has no property interest in continued employment sufficient to call forth procedural due process when that employment is terminated. *St. Romain v. State*, 863 So.2d 577 (La. App. 1st Cir. 2003). Plaintiff concedes that she was hired as a probationary employee but argues that her supervisor's action recommending plaintiff for permanent status was sufficient to grant plaintiff a reasonable expectation of continued employment and accompanying due

process rights.  To support her claim, plaintiff cites her supervisor's deposition, which, contrary to plaintiff's assertion, does not support plaintiff's claim that a genuine issue of material fact exists regarding her supervisor's authority to grant plaintiff permanent status.  *See* doc. 21-6, pp. 99-100.[1]  Based on the evidence before the court, plaintiff was never granted permanent status and had no property interest, nor was plaintiff informally conferred a property interest through the actions of her employer.  She was thus not denied due process under the federal or state constitutions.  Plaintiff's own deposition testimony[2] regarding the actions of her supervisor, viewed in the light most favorable to plaintiff, is not sufficient to establish an entitlement.

The case law upon which plaintiff relies is easily distinguishable from the present case. Plaintiff relies heavily on *Wallace v. Shreve Memorial Library*, 97 F.3d 746, 750 (5th Cir. 1996), particular the court's statement that "a governmental employer's failure to comply with civil service requirements does not preclude its employees from obtaining permanent classified civil service status."  However, in *Wallace*, the plaintiff was not hired according to civil service rules but according to the library manual, and the library argued that because

---

[1] Plaintiff points to an earlier portion of Soderman's deposition as support for her assertion that Soderman had authority to grant permanent status.  Plaintiff contends that this statement creates a genuine issue of material fact regarding Soderman's authority to grant permanent status.  The court disagrees.  Soderman's answer was ambiguous at best and, once given the chance to clarify, Soderman made clear that he only had authority to recommend permanent status.

[2] Plaintiff contends that Soderman pointed to a statement on the evaluation that said plaintiff was recommended for permanent status and said "You got that." (Doc. 25-2, p. 167).  This statement is not sufficient to create an entitlement even under the case law cited by plaintiff, particularly when considered alongside the form at issue (doc. 25-1).  Soderman only appeared to be telling plaintiff she received his recommendation for permanent status; the recommendation of her supervisor, without more, is insufficient to establish a property interest requiring due process.

Wallace was not hired in accordance with civil service rules, she could not be a permanent employee under the Louisiana Civil Service system. The case is thus factually distinguishable from plaintiff's suit. Additionally, the 5th Circuit did not hold that Wallace was entitled to due process, rather that summary judgment was inappropriate based on the particular facts of the case. Plaintiff also relies on *Driscoll v. Stucker*, 893 So.2d 32 (La. 2005), which plaintiff claims supports the proposition that a promise by a supervisor that fosters an understanding on the part of a public employee is sufficient to confer a property interest. Plaintiff has put forth no evidence that she was promised permanent status, only that she was recommended for permanent status.[3]

    Plaintiff also relies on *Morehouse v. Southern Univ.*, 961 So.2d 473 (La. App. 1st Cir. 2007). In *Morehouse*, the court found that the employer acted in a manner that conferred on the employee the right and/or processes afforded to permanent status employees. The actions of the defendants in *Morehouse* included: a clerical error which resulted in the failure to forward the recommendations for permanent status to the appointing authority; recommendation for permanent status were normally approved; and, most significantly, plaintiff was treated like a permanent employee upon termination, as plaintiff was given due process rights not afforded probationary employees. Brown can only attempt to point to one of those factors here, and on that point, plaintiff has not persuaded the court. Plaintiff offers no evidence or argument

---

[3] See supra note 2.

4

that she was given the due process rights of the plaintiff in *Morehouse*; indeed the lack of due process is the basis of plaintiff's complaint. Plaintiff was not treated like a permanent employee, [4] nor was there any evidence of a clerical error that prevented plaintiff's recommendation from being forwarded to the appropriate appointing authority. The only *Morehouse* factor plaintiff attempts to offer evidence on is her contention that recommendations were routinely approved. That fact alone, however, is insufficient in the present case to establish that plaintiff is entitled to due process protection normally reserved for permanent employees. The words and conduct in light of surrounding circumstances in the present case do not amount to a reasonable, implied understanding that plaintiff had attained permanent status.

Plaintiff points to Civil Service Rule 22.6(a) for the proposition that an examination is not limited to a test but can also include any form of assessment used to evaluate applicants' qualifications and job-related competencies. However, no one disputes that permanent appointment is made only after certification by the appointing authority.[5] Plaintiff was never certified for permanent status by the appointing authority. Plaintiff attempts to assert that there was an unwritten policy that employees were certified for permanent status after six months; however the only support plaintiff offers on this point is conjecture through plaintiff's attempted mischaracterization of the warden's

---

[4] The evidence clearly indicates that the merit increase pointed to by plaintiff is completely separate and independent from her attainment of permanent status. *See* exhibit E, doc. 21-5, page 20.
[5] La. Civil Service Rule 9.2.

deposition testimony. The warden makes clear in his deposition that the previous practice was for the probationary period to be six months, but that this was changed to twelve months and, under civil service rules, the period could be as long as twenty-four months. (Doc. 25-5, p. 20). Additionally, defendants point to written policy in effect during plaintiff's employment and termination which provides that the probationary period was twelve months. (Doc. 21-3).

Accordingly, defendants' motion (doc. 21) for summary judgment is HEREBY GRANTED and plaintiff's claims against defendants are HEREBY DISMISSED.

Signed in Baton Rouge, Louisiana, on June 3, 2011.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**